## CIRCUIT COURT OF THE CITY OF RICHMOND

Mitsubishi Motor Sales
of America, Inc.

v.

Richard D. Holcomb, etc., et al.

August 22, 2002

Case No. HQ-1376

BY JUDGE MELVIN R. HUGHES, JR.

This case is here on an appeal from an administrative determination pursuant to the Virginia Administrative Process Act, §§ 9-6.14:1, et seq. In the administrative proceedings, Mitsubishi Motor Sales of America, Inc. (MMSA), an automobile manufacturer, was found to not have "good cause" to terminate West Broad Mitsubishi of Richmond's motor vehicle franchise agreement under Va. Code § 46.2-1569(5). In addition to challenging the merits of that determination in this appeal, MMSA first asks for an evidentiary hearing on the question of bias and impartiality of the Commissioner of Virginia Division of Motor Vehicles, the final decision maker in the administrative process, to show it was denied due process to a fair and impartial tribunal. The challenge is based on the Commissioner's role as adjudicator of disputes between dealers and manufacturers under Va. Code § 46.2-1503 and as chairman of the Virginia Motor Vehicle Dealer Board created by Va. Code § 45.2-1503(A).

Following the adverse ruling, MMSA pursued a Virginia Freedom of Information Act request of the Virginia Motor Vehicle Board and obtained written summaries and handwritten notes of the Board and its committees. From that, MMSA proffers evidence it would introduce preliminarily to show that the Commissioner's duties and actions as chairman of the Dealer Board unduly conflict with his duties as adjudicator in manufacturer-dealer disputes.

This evidence includes audio tapes which, for example, show that, at a Board committee meeting, the Commissioner likened his role to a parent-child relationship in manufacturer-dealer disputes where the parent always wins. In another audio tape, MMSA represents that at another such meeting, the Commissioner said he would be disposed to rule in favor of dealers in such disputes. MMSA cites various out-of-state authorities in support of its position. It relies heavily on Virginia authority found in *State Bd. of Health v. Godfrey*, 223 Va. 423 (1982). In Godfrey, the petitioners were denied a permit to install a septic tank and drainfield. They appealed to the circuit court, and the court took evidence on their allegations of bias and lack of impartiality.

The Commissioner, on the other hand, argues that in an administrative appeal, the court is confined to the record of the proceedings on the question of substantial evidence. He argues that MMSA's reliance on *Godfrey* for the proposition that a circuit court can take evidence in an administrative appeal on the issue of bias is misplaced. Further, the Commissioner continues, the alleged bias in *Godfrey* occurred after the decision date while, here, it is said to have occurred before with no support in the agency record.

In *Godfrey*, the court found on a review of the record in both the formal and informal record the trial court's finding of arbitrary and capricious agency action was without support. The court also said that the trial court did not abuse its discretion in admitting evidence to support the claim of bad faith, although the evidence on review did not support such finding.

Here, the appellant has proffered evidence that the Commissioner was operating with bias and thereby it was denied impartiality in the administrative process. Under *Godfrey*, the court will allow an evidentiary hearing limited to this issue.